FILED

AUG 0 4 2020

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE CARRILLO-VALDEZ,<br><br>Defendant. | Case No.: 19CR2880-KSC<br><br>**ORDER ON DEFENDANT'S MOTIONS TO: (1) COMPEL DISCOVERY AND PRESERVE EVIDENCE; (2) DISMISS COMPLAINT; (3) APPLY CORRECT § 1325 ELEMENTS AT TRIAL; AND GRANTING DEFENDANT'S MOTION FOR (4) LEAVE TO FILE FURTHER MOTIONS [DOC. NO. 20]** |

## I. INTRODUCTION

### A. Procedural History

The defendant, Jose Carrillo-Valdez (hereinafter "Defendant"), was arrested on March 9, 2019. The United States (hereinafter the "U.S.") filed its Complaint on March 11, 2019. [Doc. No. 1]. Defendant's initial appearance and arraignment was held on March 11, 2019, at which time this Court set its conditions for release. [Doc. No. 4]. Defendant filed his Motions to Compel Discovery and Preserve Evidence, Dismiss the Complaint, Apply Appropriate Elements of 8 U.S.C. § 1325, and Grant Leave to File Further Motions,

1

on April 23, 2019. [Doc. No. 20]. The U.S. filed its response to Defendant's Motion on May 13, 2019. [Doc. No. 21].

For the reasons stated below, defendant's Motions to Dismiss the Complaint and Apply the Appropriate Elements for 8 U.S.C. § 1325(a)(2) are denied. Defendant's Motion for Leave to File Further Motions is granted in part and denied in part. Defendant's Motion to Compel Discovery and Preserve Evidence is granted in part and denied in part.

## II. DISCUSSION

### A. <u>Motion to Dismiss</u>

Defendant moves to dismiss the Complaint on two grounds: (1) the prosecution violated his equal protection and due process rights; and (2) 8 U.S.C. § 1325 is unconstitutional.

**1. Equal Protection**

Defendant asserts that because his Class B misdemeanor is considered a "petty offense," he should be prosecuted through the Central Violations Bureau ("CVB"). [Doc. No. 20-1 at 8]. He argues this would allow him to have his case dismissed outright or resolved through a fine or deferred prosecution. *Id.*

Defendant further claims the Federal government discriminates against 8 U.S.C. § 1325 defendants as compared to other individuals prosecuted for petty offenses in the Southern District of California. *Id.* He argues he was treated more harshly than defendants charged with equivalent or more serious crimes. *Id.* at 10. Furthermore, Defendant contends he was discriminated against because of his alienage and national origin in violation of the Equal Protection Clause of the U.S. Constitution. *Id.* at 11. Defendant cites to *Graham v. Richardson*, 403 U.S. 365 (1971), in support of his contention that classifications based on alienage, national origin, and race are "inherently suspect and subject to close judicial scrutiny." *Id.* at 372.

In response, the U.S. asserts 8 U.S.C. § 1325 does not distinguish based on national origin or race, but even if it did, the Court should still apply a "rational basis" review. [ECF

No. 21 at 5, n.1]. The U.S. relies on *Plyler v. Doe*, 457 U.S. 202 (1981), in which the Supreme Court held "[u]ndocumented aliens cannot be treated as a suspect class." *Id.* at 223. Additionally, *Plyler* instructs "it is 'a routine and normally legitimate part' of the business of the Federal Government to classify on the basis of alien status." *Id.* at 224.

The U.S. also cites to a decision from this District, *United States v. Chavez-Diaz*, No. 18-MJ-20098-KSC-AJB (S.D. Cal. Oct. 30, 2018). Therein, the defendant alleged that his prosecution violated equal protection and due process as he was prosecuted under "Operation Streamline" in the District Court, rather than through CVB. Judge Battaglia rejected this argument. Recognizing the dramatic increase in case filings for individuals who illegally entered the United States in violation of 8 U.S.C. § 1325, and the need to hold prompt initial appearances in accordance with Rule 5 of the Federal Rules of Criminal Procedure, Judge Battaglia explained the steps taken by the judges in the Southern District of California to address the substantial increase in case filings. *Id.* at 2-5.

The Court then addressed the nature of the cases prosecuted in the CVB, noting that they primarily involved violations occurring on federal reservations initiated by citation, which primarily involve infractions, and the defendant's contention that he was treated differently from those defendants and, therefore, targeted because he was part of a suspect class as an "alien." *Id.* at 5-8. Judge Battaglia distinguished the nature of the criminal charges brought in CVB stating:

> Due to the numbers, and the similarity of the charges, and misdemeanor proceedings under Rule 58, including a plea offer for time served if the plea is tendered early on, the misdemeanor §1325 cases are handled together. It makes simple organizational sense. The scheduling of these matters in one courtroom or the other is charge based, not nationality based. No separate "court" has been created or exists. Indeed, all §1325(a) misdemeanor defendants are treated equally, fully receiving all rights and protections they are guaranteed.

*Id.* at 6. Accordingly, the Court rejected this argument, noting that "[i]mmigration violations, like 8 U.S.C. § 1325(a), are not subject to disposition as a CVB matter. They do not occur on federal reservations. Defendant's attempts to 'assimilate' illegal entry into

the volume of military base trespass cases i[s] unavailing." *Id.* at 8. In sum, "[i]n no way does alienage play a part from the Court's perspective of scheduling the various [8 U.S.C. §1325] matters [in this Court] brought by the Government." *Id.* at 9.

This Court holds that the prosecution of the defendant in District Court did not violate his equal protection rights. As with the defendant in *Chavez-Diaz*, the calendaring of his case with others similarly charged was based on the charges, not the alienage of the defendant. Rather, the Court has the authority to "administer its business with available resources," and processing cases by charge is not discriminatory. *Id.*

### 2. Due Process

Arguing that the U.S. violated his substantive and procedural due process rights, Defendant cites to *United States v. Salerno*, 481 U.S. 739 (1987), in support of his assertion that the right to substantive due process "prevents the government from engaging in conduct that shocks the conscience." *Id.* at 746. [ECF No. 20-1 at 12). Defendant adds that even when the government survives substantive due process scrutiny, it must also survive procedural due process scrutiny as set forth in *Matthews v. Eldridge*, 424 U.S. 319 (1976). (ECF No. 20-1 at 12). As cited by defendant, the Supreme Court therein identified the following factors for evaluating procedural due process claims: (1) the interest at stake for the individual; (2) the risk of erroneous deprivation of such interest and the probable value of safeguards; and (3) the costs and administrative burden on the Government. *Id.* at 335.

Defendant argues the U.S. violated his substantive due process because it deprived him of the benefits of CVB court, while extending those benefits to individuals charged with similar or more serious petty offenses. (ECF No. 20-1 at 12). He adds the Court should weigh the *Matthews v. Eldridge* three-factor test in his favor because the interests at stake are substantial, charging him in CVB court would alleviate the risk of erroneous deprivation, and utilizing CVB court for § 1325 defendants would lessen the costs and burden on the Government. *Id.* at 12-13.

In response, the U.S. asserts defendant's rights were not violated because he was timely presented to a judge, and had counsel appointed and bond set. [ECF No. 21 at 7].

4

The U.S. points out defendant is exercising his right to proceed to trial. *Id.* Further, the U.S. concludes that procedural due process was not violated because the U.S. Constitution does not mandate CVB for all misdemeanor prosecutions. *Id.*

For the reasons set forth above, this Court finds defendant's due process rights were not violated. There is a rational basis for the Court's procedures and there is nothing shocking or outrageous about the way 8 U.S.C. § 1325 cases are handled in this District. Defendant was advised of and invoked his Miranda rights, appeared promptly before a judge in accordance with Rule 5 of the Federal Rules of Criminal Procedure, was appointed counsel, and is proceeding to a speedy trial. The U.S. satisfied the requirement of providing defendant with the rights afforded under the U.S. Constitution and the Federal Rules of Criminal Procedure. Aside from arguing his case should be processed through CVB, defendant has not identified any other rights to which he is allegedly entitled that he has not received. Defendant's Motion to Dismiss on this ground is denied.

### 3. The Constitutionality of 8 U.S.C. § 1325

Defendant asserts 8 U.S.C. § 1325 is unconstitutional because it favors unwed mothers over unwed fathers. [ECF No. 20-1 at 13]. Reliance is placed on *Sessions v. Morales-Santana*, 137 S. Ct. 1678 (2017), a case that addressed the constitutionality of certain provisions of the Immigration and Nationality Act ("INA"). The Supreme Court held therein that statutes that transmit citizenship to children born abroad to unwed U.S. citizens differently based on the gender of the parent violate the equal protection and due process clauses of the Constitution. *Id.* at 1701. The Court's decision, however, did not address other provisions of the INA, such as 8 U.S.C. § 1325.

This precise issue was decided in this District in *U.S.A. v. Madero-Diaz*, 17cr1291-LAB (S.D. Cal., Oct. 2, 2017), in which District Judge Burns held a defendant lacked standing to challenge an 8 U.S.C. § 1325 conviction, on the basis of *Morales-Santana*, because he was not making a claim of derivative citizenship. This case was affirmed by the Ninth Circuit. *See United States v. Madero-Diaz*, 752 F. App'x 537 (9th Cir. 2019).

5

Here, similar to the facts presented in *Madero-Diaz*, the defendant lacks standing to challenge § 1325 on the basis of *Morales-Santana* because he is not making a claim to derivative citizenship. Therefore, defendant's Motion to Dismiss on this ground is denied.

### B. Motion to Apply the "Appropriate Elements" for 8 U.S.C. § 1325(a)(2)

Defendant asserts that the government must prove the following three elements beyond a reasonable doubt: (1) defendant is an alien; (2) defendant purposefully eluded examination; and (3) defendant successfully eluded examination, meaning he crossed into the United States free from official restraint at a port of entry. [ECF No. 20-1 at 15]. The specific language of 8 U.S.C. § 1325(a)(2) punishes "[a]ny alien who . . . eludes examination or inspection by immigration officers." There is no language in the statute requiring the United States to prove that the defendant successfully entered the United States free from restraint through a port of entry. Conversely, Ninth Circuit precedent holds that an alien violates 8 U.S.C. § 1325 once he or she gains entry into the United States "through an unlawful point and does not submit to [the required] examinations." *United States v. Rincon-Jimenez*, 595 F.2d 1192-1194 (9th Cir. 1979); *see also United States v. Choy-Timana*, 2018 WL 4092125, *3 (S.D. Cal., Aug. 28, 2018); *United States v. Ramirez-Raudales*, 2019 WL 366287, *4; *United States v. Yanez-Chavez*, 2018 WL 6445169, *7 (S.D. Cal., Dec. 10, 2018).

The Court finds Defendant's argument on this basis both unsupported and unpersuasive. The U.S. must prove the two elements of 8 U.S.C. § 1325(a)(2), nothing more. Accordingly, the Motion on this basis is denied.

### C. Motion to Compel Discovery and Preserve Evidence

Defendant moves for the production and preservation of twenty-six categories of discovery by the U.S. The U.S. represents that it has produced or will produce items 1, 2, 3, 6, 7, 10, 11, 12, 18, 19, 20, 21, and 22. The U.S. will not voluntarily produce the following:

//
//

4. *Brady Material.*

Defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. [ECF No. 20-1 at 3]. Defendant states that impeachment and exculpatory evidence both fall within Brady's definition of evidence favorable to the accused. *Id.* The U.S. asserts that defendant did not identify with particularity which items he seeks. [ECF No. 21 at 9]. Further, the U.S. states it is aware of its *Brady* obligations and has produced broad discovery to the defendant. *Id.*

Under *Brady*, evidence suppressed by the government that is requested and favorable to the accused violates due process where that evidence is material to either guilt or to punishment. *Brady v. Maryland*, 373 U.S. 83 (1963). The Court rejected to distinguish impeachment evidence from exculpatory evidence and determined both fall within the *Brady* rule as "evidence favorable to an accused." *See U.S. v. Bagley*, 473 U.S. 667, 676 (1985) (quoting *Brady*, 373 U.S. at 87).

Given the U.S. representation that it is aware of its' *Brady* obligations and has already produced broad discovery to the defendant, it is evident that the U.S. will produce all additional *Brady* material to the defendant should any be identified in accordance with its' obligations. Defendant's Motion on this basis is therefore granted.

5. *Favorable Sentencing Information.*

Defendant states the government must produce favorable sentencing information under *Brady*. [ECF No. 20-1 at 3]. The U.S. argues defendant has not made a specific request as to this information and states it has produced broad discovery to the defendant. [ECF No. 21 at 9].

Under *Brady*, the government is only required to disclose evidence that is both favorable to the defendant and material to either guilt or to punishment. *See Brady v. Maryland*, 373 U.S. at 87. *Brady* does not require a defendant to request discovery with specificity. Here, the Defendant has broadly requested favorable sentencing information. For the reasons set forth in paragraph 4, *supra*, the Motion is granted for this material.

7

8. *Evidence Seized.*

Defendant requests discoverable evidence that was seized from his search. [ECF No. 20-1 at 3]. The U.S. produced to defendant a picture of the items with which he was found which includes pieces of carpeting that were covering his feet when he was apprehended. [ECF No. 21 at 10]. The U.S. explains that after thirty days, the Border Patrol disposes of property seized from apprehended people crossing the border unlawfully and provides the property to the Mexican consulate. *Id.* As a result, the U.S. cannot say whether defendant's personal property will still be available for him to inspect. *Id.*

Under the Federal Rules of Criminal Procedure, upon a defendant's request, the government must permit the defendant to inspect tangible objects if the item is within the government's possession and: (i) the item is material to preparing the defense; (ii) the government intends to use the item at trial; or (iii) the item was obtained from or belongs to the defendant. Fed. R. Crim. P. 16(a)(1)(E).

Here, Defendant is requesting evidence that was seized from him during a search. Under the Federal Rules, the government is only required to produce this evidence to the requesting defendant if the items are within the government's possession. To the extent such items are, the U.S. is ordered to produce them to defendant for inspection.

9. *Request for Preservation of Evidence.*

Defendant specifically requests that all dispatch tapes and other physical evidence which relate to the arrest or events leading to the arrest be preserved. [ECF No. 20-1 at 3]. Defendant's request includes his personal effects and other evidence seized from him or any third party. *Id.* Defendant further requests for the government to question the agencies and individuals involved in this prosecution and investigation to determine whether such evidence exists and to preserve it. *Id.* The U.S. cannot confirm whether defendant's personal property is still available. [ECF No. 21 at 10]. The U.S. further states it has produced the other items requested. *Id.*

For the reasons stated in paragraph 9, supra, to the extent the identified material exists, the U.S. is ordered to preserve such material.

13. *Impeachment Evidence.*

Defendant requests evidence of a prospective government witness that has engaged in a criminal act, regardless of a resulting conviction. [ECF No. 20-1 at 5]. Defendant also requests any favorable statement a witness has made about him. *Id.* The U.S. will not produce information about a witness that did not result in a conviction. [ECF No. 21 at 10].

Under the Federal Rules of Evidence, extrinsic evidence is not admissible to prove specific instances of a witness's conduct to attack or support their character for truthfulness, unless it resulted in a criminal conviction. *See* Fed. R. Evid. 608. However, the witness's character for truthfulness may be inquired into on cross-examination if it is probative of the character for truthfulness or untruthfulness. *Id.* Further, evidence of a witness's prior statement is admissible only if the witness is given an opportunity to explain or deny it, and the adverse party is given an opportunity to examine the witness about it. *See* Fed. R. Evid. 613.

Here, defendant's request for a witness's criminal activity is admissible only if it resulted in a criminal conviction *and* is probative of the character for truthfulness or untruthfulness. Should the U.S. call as witnesses any individuals who have sustained criminal convictions, such information is to be produced by the U.S. in accordance with its' discovery obligations. The request for any other impeachment evidence as requested is denied.

14. *Evidence of Criminal Investigation of any Government Witness.*

Defendant requests any evidence that a prospective witness is under investigation by federal, state, or local authorities for criminal conduct. [ECF No. 20-1 at 5]. The U.S. will not produce evidence of a witness's criminal investigation that did not result in a conviction. [ECF No. 21 at 10-11.

For the reasons set forth regarding paragraph 13, *supra*, this Motion is denied for this information.

//

//

15. *Evidence of Bias or Motive to Lie.*

Defendant requests evidence that a government witness is biased or prejudiced against him, or has a motive to falsify or distort his or her testimony. [ECF No. 20-1 at 5]. The U.S. agrees to conduct a *Henthorn* review, but denies any obligation to produce information that is not required by law. [ECF No. 21 at 11].

Defendant cites to *Pennsylvania v. Ritchie*, which states the Confrontation Clause "does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony." 480 U.S. 39, 53 (1987). The prosecution is required to turn over evidence that is both favorable and material to the guilt or punishment of the accused. *Id.* at 57. Evidence is material if there is a reasonable probability that disclosure of such evidence to the defense would have led to a different result. *Id.* Accordingly, if the U.S. is or becomes aware that a government witness is biases or prejudiced against defendant, such information should be disclosed in accordance with the governments' discovery obligations.

16. *Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.*

Defendant requests evidence, such as psychiatric or medical records, that shows an impairment by any witness to tell the truth. [ECF No. 20-1 at 5-6]. Defendant also requests evidence of any witness's history of narcotics or controlled substance use. *Id.* at 6. The U.S. will not produce personal information of a witness that is not required by law and does not bear upon his or her testimony. [ECF No. 21 at 11].

Defendant cites to *U.S. v. Strifler*, which holds "[t]he trial court must release what it finds relevant, material, and probative as to the witnesses credibility." 851 F.2d 1197, 1202 (9th Cir. 1988). The court further states the criminal record of a witness must be turned over to the defendant because of the relevance to the witness's credibility. *Id.* There, the defendant received limited information from a witness's probation file that was relevant to the witness's credibility. The Ninth Circuit found this error by the trial court was not harmless.

Here, defendant is requesting personal records of each witness that shows a reduced ability for the witness to tell the truth. *Strifler* makes no mention of a defendant's ability to obtain a witness's medical documents for purposes of credibility.

Without more, the defendant has failed to articulate any sound basis for the production of this information. His request on this basis is therefore denied.

17. *Witness Address.*

Defendant requests the name and last known address of each prospective government witness and every witness to the alleged offense, including the person with whom defendant allegedly crossed the border and was arrested. [ECF No. 20-1 at 6]. The U.S. will not produce the personal contact information for witnesses, but will make information such as phone numbers and addresses for the Boulevard Border Patrol Station, reasonably available. (ECF No. 21 at 11).

Defendant relies on *U.S. v. Cook* for the assertion that defense counsel has the equal right to talk to witnesses. 608 F.2d 1175, 1181 (9th Cir. 1979). *Cook* explains that both sides have the right to interview witnesses before trial. *Id.* at 1180. However, absent a subpoena or court order, the government has "no constitutional duty to deliver a government witness informally to the defendant." *Id.* at 1181.

Here, the U.S. has agreed to provide defendant with reasonable information such as the witness's phone numbers and the address for the Boulevard Border Patrol Station. This response is reasonable. Defendant's request for further information is therefore denied.

23. *Personnel Records of Government Officers.*

Defendant requests all citizen complaints and other related internal affairs documents involving any of the officers who were involved in his arrest, investigation and interrogation. [ECF No. 20-1 at 7]. The U.S. will not produce these records because defendant is not entitled to *"Pitchess"* discovery, as it does not apply in federal court. [ECF No. 21 at 11].

Defendant cites to California case, *Pitchess v. Superior Court*, 11 Cal. 3d 531 (1974), which granted the defendant's discovery requests for officers' disciplinary and misconduct

11

records, as they were significant for his defense and were requested with adequate specificity to preclude the conclusion that the defendant was merely engaging in "a fishing expedition." The trial court held that it had wide discretion to order discovery when the interests of justice so demand. *Id.* at 535.

In federal criminal cases, by contrast, the Ninth Circuit requires the government to examine personnel files of *testifying officers* upon a defendant's request for their production. *U.S. v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). If the government finds material information favorable to the defense, it is to furnish the files to the defendant. *Id.* at 31. If there is uncertainty regarding the materiality of the information, the government may submit the information to the trial court for an *in camera* inspection and evaluation. *Id.* Only the portion of the files which contains evidence "material to the preparation of [a] defense" is discoverable. *U.S. v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984).

Here, the defendant requests the internal documents of each officer involved in his case. It is not clear, however, whether all or any of the officers will testify. If they are called to testify, the U.S. will be required to conduct a review the officer personnel files consistent with defendant's request. The government has stated it will comply with *Henthorn*. If material information is identified, the government shall timely produce that relevant portion of the file to defendant in accordance with its' discovery obligations.

24. *Deployment and Use of National Guard.*

Defendant seeks information regarding the National Guard's involvement in Defendant's arrest to determine whether the *Posse Comitatus* Act is implicated. (ECF No. 20-1 at 7). The U.S. will not conduct inquiry as to the National Guard's presence in Defendant's arrest because Deployment of the National Guard was made pursuant to an order of the Government of California. (ECF No. 21 at 11-12). The U.S. will provide documents relating to the deployment if requested by Defendant. *Id.* at 12.

Following a hearing held before this Court, upon inquiry, the U.S. determined that the National Guard was not involved in the arrest of defendant. Accordingly, defendant withdrew his request for this information as moot. [ECF Nol. 25].

25. *Privilege Log.*

Defendant requests the U.S. to produce a privilege log for all "material" discovery in its possession that is redacted, will be redacted, or that is withheld from production. [ECF No. 20-1 at 8]. The U.S. will not provide a privilege log because the defendant is not entitled to such log, as this is not a civil case. (ECF No. 21 at 12).

As the Federal Rules of Criminal Procedure do not require production of a privilege logs in criminal cases, one is not subject to discovery in this case. Further, defendant does not cite authority to support production of a privilege log. Defendant's request is therefore denied.

## D. Motion for Leave to File Further Motions

Defendant asserts he may need to file further motions *in limine* or other motions as new information surfaces and requests the opportunity to file further motions. The U.S. does not object to the Motion as long as any and all future motions are based on newly discovered evidence. Since the filing of the instant Motion, defendant has filed several more motions. Going forward, should either party seek to file additional motions, they are to meet and confer with opposing counsel to determine whether there is any objection to the filing, and thereafter file a motion seeking permission from the Court for such filing. Any such motion shall set forth the basis for the request, and why the supplemental motion could not be previously filed.

//
//
//
//
//
//
//
//
//

## III. CONCLUSION

For the reasons stated herein, Defendant's Motions to Dismiss Complaint and Apply the Appropriate Elements for 8 U.S.C. § 1325(a)(2) are DENIED. Defendant's Motion for Leave to File Further Motions is GRANTED. Defendant's Motion to Compel Discovery and Preserve Evidence is GRANTED IN PART and DENIED IN PART, as set forth in this Order.

Dated: August 3, 2020

Hon. Karen S. Crawford
United States Magistrate Judge