

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSE CARRILLO-VALDEZ,<br>Defendant. | Case No.: 19CR2880-KSC<br><br>**ORDER ON DEFENDANT'S MOTIONS TO SUPPRESS OR PRECLUDE EVIDENCE OF ALLEGED PRIOR STATEMENTS [DOC. NO. 28]** |

## I. INTRODUCTION

### A. Procedural History

The defendant, Jose Carrillo-Valdez (hereinafter "defendant"), was arrested on March 9, 2019. The United States (hereinafter the "U.S.") filed its Complaint on March 11, 2019, charging him with violating 28 U.S.C. § 1325(a)(2). [Doc. No. 1]. Defendant's initial appearance and arraignment was held on March 11, 2019, at which time this Court set its conditions for release. [Doc. No. 4]. On October 10, 2019, the defendant was arraigned on an Information charging him with violating 8 U.S.C. § 1325(a)(1). [Doc. Nos. 35, 36]. Defendant thereafter filed a Motion to Suppress or Preclude Evidence of Alleged Prior Statements on August 13, 2019 [Doc. No. 28], to which the U.S. filed an Opposition on August 22, 2019. [Doc. No. 31].

1

For the reasons stated below, defendant's Motion to Suppress or Preclude Evidence of Alleged Prior Statements is denied.

## II. RELEVANT FACTS

As alleged, on March 9, 2019, the defendant and another individual were found 30 yards north of the U.S. Mexico International Boundary and 27 miles east of the Tecate, California Port of Entry. [Doc. No. 1, p. 2]. When encountered, the defendant was lying down next to a bush. After the Border Patrol Agent identified himself, he conducted an immigration inspection. *Id.* Both individuals, including defendant, identified themselves as citizens of Mexico without immigration documents allowing them to enter or remain in the United States legally. *Id.* The defendant and the other individual were therefore placed under arrest. Defendant further stated, during administrative processing, that he entered the United States on March 9, 2019. *Id.*

## III. DISCUSSION

### A. Defendant's Statements at the Time of Apprehension are Not Subject to Suppression

Defendant argues the arresting Border Patrol Agent, questioning him in Spanish, failed to advise him of his right to remain silent under *Miranda*. Because of this, he argues that his statements must be suppressed. At the very outset of his argument, in apparent reliance on *United States v. Galindo-Gallegos*, 244 F.3d 728 (9th Cir.), *amended on other grounds*, 255 F.3d 1154 (9th Cir. 2001), defendant assumes that his initial custodial questioning rose to the level of an interrogation, necessitating a *Miranda* warning. [Doc. No. 28, p. 2]. While thereafter acknowledging that a *Miranda* warning is not required prior to custodial interrogation, he argues that this warning is nevertheless necessary when the questioning officer "should know [the questions] are reasonably likely to elicit an incriminating response." [Doc. No. 28, pp. 2-3 (citations excluded)]. Asserting that because of the "zero tolerance" policy, he contends the agents knew that any question related to his alienage was likely to produce an incriminating response, thereby requiring a *Miranda* warning prior to questioning. *Id.* at p. 3.

2

In response, the United States asserts that a Border Patrol Agent is permitted to ask questions of suspected illegal aliens about citizenship and immigration status without triggering any obligation under *Miranda,* even when the agent reasonably suspects that the person is an illegal alien. [Doc. No. 31, p. 3]. Brief questioning near the border, as in the facts of this case, constitute a non-custodial "*Terry* stop" which does not require issuance of a Miranda warning. *Id.* In support of its position, the U.S. cites to Ninth Circuit authority. *United States v. Cervantes-Flores*, 421 F.3d 825 (9th Cir. 2005), *overruled in part on other grounds, Melendez-Diaz v. Massachusetts,* 557 U.S. 305 (2009); *United States v. Medina-Villa*, 567 F.3d 507, 519 (9th Cir. 2009); *United States v. Galindo-Gallegos,* 244 F.3d 730, 735-6 (9th Cir. 2001), *amended on other grounds,* 255 F.3d 1154 (9th Cir. 2001); *United States v. Parr*, 843 F.2d 1228, 1231 (9th Cir. 1988).

Considering the "totality of facts involved at the time of the alleged restraint" as required by the law of the Ninth Circuit, this Court concludes that the questioning of the defendant immediately prior to his arrest at the border constitutes a *Terry* stop, for which no *Miranda* warning was required. *United States v. Medina-Villa*, 567 F.3d 507, 519 (9th Cir. 2009); *United States v. Galindo-Gallegos*, 244 F.3d 730, 735-6 (9th Cir. 2001), *amended on other grounds.* The defendant was apprehended adjacent to the border, attempting to avoid detection by hiding under bushes, and openly acknowledged being a citizen of Mexico without immigration documents allowing him to enter or remain in this country legally.[1] [Doc. No. 1, p. 2]. Further, the U.S. notes the defendant was wearing carpet material on his shoes, which is frequently used to make footprints harder to follow. [Doc. No. 31, p. 5].

If the Court accepted the arguments advanced by defendant, which it does not, it would essentially preclude all *Terry* inquiries at the border regarding suspected illegal entry

---

[1] The U.S. raised defendant's failure to submit a sworn declaration by defendant to support his interpretation of the facts, citing Local Rule 47.1(g). As the Court declines to grant this Motion, the need for a sworn declaration at this time is moot.

into this country. This leap is not one the Court deems sound or supported by any interpretation of the law in this Circuit. Accordingly, defendant's Motion on this ground is DENIED.

### B. Statements Made by Defendant Were Voluntary

Defendant next asserts that this Court must consider whether his statements were voluntary before they can be admitted at trial. Relying on 18 U.S.C. § 3501(b) and *United States v. Gamez*, 301 F.3d 1138, 1144 (9th Cir. 2002), he argues that an evaluation of the cited factors support the conclusion that his statements should be suppressed.

The United States argues to the contrary, arguing, *inter alia,* that there is no evidence in this case of coercion by physical intimidation or psychological pressure, or that defendant was overborne by the circumstances. *United States v. Shi*, 525 F.3d 709, 730 (9th Cir. 2008); *Dickerson v. United States*, 530 U.S. 428, 434 (2000).

Weighing the factors delineated in 18 U.S.C. § 3501(b), and considering the totality of the circumstances, this Court finds, based on the information presented, that the defendant's statements were made voluntarily. This ruling is without prejudice to defendant's right to renew this Motion at trial, should additional evidence be presented to support this claim. Accordingly, the Motion on this ground is DENIED without prejudice.

### C. Defendant's Statements are Admissible

Lastly, defendant argues that his statements are not admissible under any hearsay exception. He contends, *inter alia*, the arresting officer, Agent Joseph Johnson, is "not competent to translate [defendant's] statements, and even if he were, these statements are hearsay because Agent Johnson is not a mere 'language conduit….'" [Doc. No. 28, p. 8]. Because of his position as an agent and witness for the government, defendant represents that his "goal" is "to aid in the prosecution of the defendant and help prove the charges

filed." *Id.*[2] Because of this, relying on Rule 401 of the Federal Rules of Evidence, defendant argues that Agent Johnson's translation of his purported statements are inadmissible hearsay. *Id.*

The United States counters that the statements at issue are "textbook admissions under Rule 801(d)(2)(A), and as admissions, are admissible: Agent Johnson asked the defendant questions and heard his responses. [Doc. No. 31, p. 8]. As such, they are statements that constitute admissions of the offense. *Id.*

The Court views the statements made by defendant, based on the probable cause statement supporting the Complaint and the arguments presented, to be admissible. If, however, evidence is presented at trial to establish that Agent Johnson does not have the language skills to have understood the defendant's statements in the Spanish language, such information would weigh in favor of a ruling that defendant's statements are inadmissible. Such evidence, however, is not now before the Court. [Doc. No. 1]. Accordingly, the defendant's Motion on this ground is DENIED without prejudice.

## D. CONCLUSION

For the reasons stated herein, Defendant's Motion to suppress his statements is DENIED; his Motion to exclude his statements as involuntary or inadmissible are DENIED without prejudice.

Dated: August 7, 2020

Hon. Karen S. Crawford
United States Magistrate Judge

---

[2] The Court categorically rejects the defendant's suggestion that because Agent Johnson works as an agent, his "goal" is to prosecute and assist in the conviction of any defendant where the facts don't support such prosecution and conviction, or that the United States Attorney's Office would prosecute and seek to convict this defendant if the facts giving rise to the filing of the Complaint and applicable law did not support the charges filed.